**IN THE COURT OF APPEALS OF THE STATE OF IDAHO**

**Docket No. 45947**

| | |
|---|---|
| STATE OF IDAHO, | ) |
| | ) **Filed: March 27, 2019** |
| Petitioner-Appellant, | ) |
| | ) **Karel A. Lehrman, Clerk** |
| v. | ) |
| | ) **THIS IS AN UNPUBLISHED** |
| ROBBY L. WASHINGTON, | ) **OPINION AND SHALL NOT** |
| | ) **BE CITED AS AUTHORITY** |
| Defendant-Respondent. | ) |
| | ) |

Appeal from the District Court of the Third Judicial District, State of Idaho, Canyon County. Hon. James C. Morfitt, District Judge.

Order for new trial, reversed; and case remanded.

Hon. Lawrence G. Wasden, Attorney General; Kenneth K. Jorgensen, Deputy Attorney General, Boise, for appellant. Kenneth K. Jorgensen argued.

Eric D. Fredericksen, State Appellate Public Defender; Brian R. Dickson, Deputy Appellate Public Defender, Boise, for respondent. Brian R. Dickson argued.

_____

HUSKEY, Judge

The State of Idaho appeals from the district court's order for new trial. The State argues the district court abused its discretion by deciding Robby L. Washington's motion for new trial under the incorrect standard for newly discovered evidence and, alternatively, even if the district court used the correct standard, a new trial is not justified. The district court's order for new trial is reversed, and the case is remanded to the district court.

**I.**

**FACTUAL AND PROCEDURAL BACKGROUND**

Testimony at trial was as follows. Washington's ex-girlfriend called the police department to report that Washington was involved in drug activity. Officers located Washington and stopped his vehicle after he failed to stop before entering the roadway from a

1

parking lot. During the traffic stop, a drug dog alerted on Washington's vehicle. The officers searched Washington's vehicle and found a small cooler and a briefcase in the back seat.

Inside the cooler, the officers found: (1) a container with a green leafy residue at the bottom; (2) a glass pipe with burnt residue; (3) a digital scale with a green leafy residue; (4) another container holding a green leafy substance; (5) a propane tank; and (6) green leafy residue at the bottom of the cooler. Lab tests later determined the green leafy substance in the second container was marijuana.

Inside the briefcase, the officers found: (1) a glass pipe; (2) a pen cap with a large chunk of crystal substance inside; (3) a small, black Ziploc bag containing a powdery, white substance; (4) cigarette rolling papers; and (5) a medicine bottle containing a powdery residue and a small spoon. Lab tests later determined the powdery, white substance inside the black Ziploc bag was methamphetamine.

Washington was arrested and charged with possession of methamphetamine, possession of marijuana, and possession of drug paraphernalia, with a persistent violator enhancement.[1] During trial, the possession of marijuana charge was dismissed as a result of a discovery violation committed by the State. During Washington's case-in-chief, he called his ex-girlfriend as a witness. The purpose of the ex-girlfriend's testimony was to establish that Washington did not know of the drugs found in his vehicle. She testified that the day before Washington's arrest, she drove a friend to the bus stop in Washington's vehicle and the friend left a cooler in the back seat. The ex-girlfriend testified that the next morning she re-entered the vehicle; opened the cooler; saw its contents--a pipe, pen cap, and scale--but did not see a briefcase. She testified she got mad at Washington later that day and she called the police to report his drug activity. The jury convicted Washington of possession of methamphetamine and possession of drug paraphernalia. The State dismissed the persistent violator enhancement.

The day after trial, Washington's ex-girlfriend contacted the prosecutor's office and claimed that she had committed Washington's crimes. Shortly thereafter, she also claimed that she had not testified truthfully at the trial and, in fact, had planted drugs and paraphernalia in Washington's vehicle without his knowledge in order to set him up. Washington moved for a new trial based on this newly discovered evidence. At the motion hearing, Washington's ex-

---

[1]     The State's original criminal complaint and information also charged Washington with possession of cocaine. However, the State's amended information dropped this charge.

girlfriend testified that she opened the cooler and saw its contents (which she testified at the hearing contained marijuana in a container, a marijuana pipe, a scale, and a medicine bottle with a small spoon). Additionally, she testified that she had placed a methamphetamine pipe and a black Ziploc bag inside the cooler, items which her friend had asked her to throw away. On cross-examination, the prosecutor asked, "You're saying everything that was found in the vehicle, you put there," to which the ex-girlfriend said, "Yes." Later in the hearing the prosecutor asked, "You're saying that everything that was found in the vehicle, you put there?" to which the ex-girlfriend said, "Yes." The prosecutor then asked, "Except for the--sounds like marijuana and the marijuana pipe was left by a friend that you know of?" to which the ex-girlfriend said, "the marijuana pipe and the scale were left by a friend." The ex-girlfriend also testified that prior to trial she told defense counsel that she had placed these items into the cooler. On re-direct examination, defense counsel then asked, "You did not tell us that you put the items in the cooler; do you recall that?" The ex-girlfriend answered, "I don't recall that."

The district court granted the motion and ordered a new trial. The district court reasoned that the ex-girlfriend's trial testimony was "if not false, substantially and seriously misleading and certainly not fully truthful," "similar to a situation where a witness recants its testimony." Following this finding, the district court concluded the *Scroggins/Larrison*[2] test for newly discovered evidence, rather than the more general *Drapeau*[3] test for newly discovered evidence, applied to the ex-girlfriend's testimony and required a new trial. The State appeals to this Court.

## II.

## STANDARD OF REVIEW

When a trial court's discretionary decision is reviewed on appeal, the appellate court conducts a multi-tiered inquiry to determine whether the lower court correctly perceived the issue as one of discretion, acted within the boundaries of such discretion, acted consistently with any legal standards applicable to the specific choices before it, and reached its decision by an exercise of reason. *State v. Herrera*, 164 Idaho 261, 270, 429 P.3d 149, 158 (2018).

---

[2]     *State v. Scroggins*, 110 Idaho 380, 384, 716 P.2d 1152, 1156 (1985); *Larrison v. United States*, 24 F.2d 82 (7th Cir. 1928).

[3]     *State v. Drapeau*, 97 Idaho 685, 691, 551 P.2d 972, 978 (1976).

## III.

## ANALYSIS

The State argues the district court abused its discretion by deciding Washington's motion for new trial under the *Scroggins/Larrison* standard for newly discovered evidence instead of the *Drapeau* standard for newly discovered evidence. Alternatively, the State argues that even if the *Scroggins/Larrison* standard is the correct standard, the new testimony the ex-girlfriend provided at the motion hearing does not justify a new trial.

**A.     The District Court Abused Its Discretion by Granting a New Trial Under the *Scroggins/Larrison* Standard**

According to the *Scroggins/Larrison* standard, where a defendant:  (1) "submits an affidavit by a government witness in which the witness recants his testimony and specifies in what ways he dishonestly testified and in what ways he would, if given the opportunity to testify again, change that testimony"; and (2) "makes a showing that such changed testimony may be material to a finding of his guilt or innocence, a new trial should be held."  *State v. Scroggins*, 110 Idaho 380, 384-85, 716 P.2d 1152, 1156-87 (1985).  The *Scroggins/Larrison* standard considers the following factors drawn from *Larrison*:

> where a party contends that a government witness falsly [sic] testified at trial, the following elements must be met (1) that "[t]he court is reasonably well satisfied that the testimony given by the material witness is false;" (2) "[t]hat without it the jury might have reached a different conclusion;" (3) "[t]hat the party seeking the new trial was taken by surprise when the false testimony was given and was unable to meet it or did not know of its falsity until after the trial."

*Scroggins*, 110 Idaho at 384-85, 716 P.2d at 1156-57 (quoting *Larrison v. United States*, 24 F.2d 82, 87-88 (7th Cir. 1928) *abrogated by United States v. Mitrione*, 357 F.3d 712, 717-18 (7th Cir. 2004).  The result is a five-factor test, combining the two factors from *Scroggins* and the three factors from *Larrison*.  The Idaho Supreme Court has emphasized the first prong of the *Scroggins/Larrison* standard:  a requirement that "'a trial witness has recanted his or her trial testimony and evidence of that recantation has been presented to the trial court.'"  *State v. Ellington*, 151 Idaho 53, 73, 253 P.3d 727, 747 (2011) (quoting *State v. Griffith*, 144 Idaho 356, 366, 366, 161 P.3d 675, 685 (Ct. App. 2007) tracing interpretation of the *Scroggins/Larrison* standard).

Black's Law Dictionary defines "recant" to mean to "withdraw or renounce prior statements or testimony formally or publicly."  BLACK'S LAW DICTIONARY (10th ed. 2014).

Idaho cases concerning recanted testimony illustrate this definition. For example, in *State v. Lankford*, 116 Idaho 860, 781 P.2d 197 (1989), the Idaho Supreme Court deemed a defendant's trial testimony that *his brother* had murdered two people to be recanted after the defendant's post-trial statement that *he* had murdered the people. *Id.* at 873, 781 P.2d at 210. Similarly, in *Bean v. State*, 119 Idaho 645, 809 P.2d 506 (Ct. App. 1990), this Court deemed a co-defendant's trial testimony that the *defendant* had planned and executed virtually the entire murder to be recanted after the co-defendant's post-trial statement that *he* had planned and fully participated in the murder. *Id.* at 646, 809 P.2d at 507. In *State v. Ransom*, 124 Idaho 703, 864 P.2d 149, (1993), the Idaho Supreme Court deemed a victim's trial testimony that she *had been* sexually abused to be recanted after the victim's post-trial statement claiming she *had not been* sexually abused. *Id.* at 711-12, 864 P.2d at 157-58. In *State v. Lawrence*, 112 Idaho 149, 730 P.2d 1069 (Ct. App. 1986), this Court deemed the entirety of a witness's trial testimony to be recanted after the witness's post-trial statement that his trial testimony was "completely false in that he had no personal knowledge as to the statements he made." *Id.* at 151, 730 P.2d at 1071. In each case, the trial testimony at issue was withdrawn or renounced.

Washington fails to prove prong one of the *Scroggins/Larrison* test because his ex-girlfriend did not withdraw or renounce her trial testimony. Rather, at the motion hearing she provided additional testimony which was not elicited during trial. The ex-girlfriend added new information (she *placed* at least some of the items found in the vehicle into the cooler) to information she had already provided at trial (she *saw* the marijuana, a pipe, and a pen cap in the cooler). Washington argues that the ex-girlfriend also provided new testimony that explicitly made clear that Washington did not know about the items in the car. But the clear implication of the ex-girlfriend's trial testimony was that Washington did not know about the items in the cooler. This is not recanted testimony as this was Washington's defense at trial and was the sole reason for the ex-girlfriend's testimony. The fact that the ex-girlfriend testified to additional facts in the hearing that were not elicited at trial does not create a recantation.[4]

---

[4]     Because our decision rests on the fact that the ex-girlfriend did not recant her testimony, we decline to address whether the *Scroggins/Larrison* test applies only to government witnesses or to any witness so long as the witness is material. In addition, the distinction is not necessary to resolve this case because Washington also fails to establish the fourth prong of the *Scroggins/Larrison* test.

However, even assuming for the sake of argument that the ex-girlfriend's testimony does amount to a recantation, Washington also fails to prove the fourth prong of the *Scroggins/Larrison* standard. Under the fourth prong of the *Scroggins/Larrison* standard, this Court asks whether in the absence of the ex-girlfriend's alleged recanted trial testimony the jury might have reached a different conclusion. Without the ex-girlfriend's trial testimony that the cooler and its contents belonged to her friend, the jury would not have reached a different conclusion because omitting that testimony would have omitted Washington's defense at trial: that he did not know his vehicle contained methamphetamine or drug paraphernalia because someone else placed those items in his vehicle. Washington's defense would be even weaker, and the jury would still convict Washington. Even with the ex-girlfriend's trial testimony, the jury convicted Washington. Thus, because Washington also cannot establish the fourth prong of the *Scroggins/Larrison* test, a new trial under that standard is not justified.

Because the Idaho Supreme Court has concluded the *Scroggins/Larrison* standard requires a witness to have recanted her trial testimony, the district court abused its discretion by granting Washington's motion for new trial under the *Scroggins/Larrison* standard. The district court should have applied the *Drapeau* standard to the ex-girlfriend's testimony from the motion hearing. Washington argues that even if *Drapeau* controls, the district court's error was harmless because under *Drapeau*, a new trial would still be justified. We disagree.

Beyond what is governed by the *Scroggins/Larrison* test, "[a]ny other type of new evidence presented by a defendant as an alleged basis for a new trial, including other types of proof of perjury and evidence of a recantation that has itself been subsequently disavowed by the trial witness, are subject to the *Drapeau* test." *Griffith*, 144 Idaho at 366, 161 P.3d at 685. In other words, any new evidence that does not meet the prongs of the *Scroggins/Larrison* test must be evaluated under *Drapeau*.

## B.     The District Court Should Have Utilized the *Drapeau* Standard

The *Drapeau* standard requires a new trial motion based on newly discovered evidence to disclose:

> (1) that the evidence is newly discovered and was unknown to the defendant at the time of trial; (2) that the evidence is material, not merely cumulative or impeaching; (3) that it will probably produce an acquittal; and (4) that failure to learn of the evidence was due to no lack of diligence on the part of the defendant.

*State v. Drapeau*, 97 Idaho 685, 691, 551 P.2d 972, 978 (1976).

6

On appeal, the State fails to advance argument under prongs one and four of the *Drapeau* test, thereby conceding both. We need not address prong two because we conclude Washington fails to prove prong three of *Drapeau*. Prong three of *Drapeau* requires Washington to show his ex-girlfriend's hearing testimony will probably produce an acquittal. Washington argues the testimony will probably produce an acquittal because the ex-girlfriend's trial testimony amounts to perjury and perjury always affects a jury's decision making. The State contends the hearing testimony will have no effect upon the jury because it is false and because the jury already rejected the ex-girlfriend's trial testimony that implied that Washington had no knowledge of the methamphetamine and paraphernalia in his vehicle.

Even taking the ex-girlfriend's hearing testimony as true, it will probably not produce Washington's acquittal. The jury already heard the ex-girlfriend's testimony that implied that Washington had no knowledge of the illegal items in the car. The addition in the ex-girlfriend's hearing testimony is that she placed the items in the cooler. The ex-girlfriend's hearing testimony does not account for who moved the methamphetamine and paraphernalia from the cooler where she had placed it to the briefcase where the officers testified they discovered it. The jury rejected the ex-girlfriend's trial testimony that implied that Washington had no knowledge of the controlled substances and paraphernalia in the car. The ex-girlfriend's new testimony, as compared to the testimony she provided at trial, would not cause the jury to rethink that position and, thus, the ex-girlfriend's hearing testimony would not probably produce an acquittal. Washington fails to prove prong three of the *Drapeau* test and thereby fails to show that the district court's use of the *Scroggins/Larrison* standard was harmless.

## IV.

## CONCLUSION

Because the district court applied the incorrect standard for newly discovered evidence, the district court abused its discretion in reaching its decision to order a new trial. The district court's order for new trial is reversed and the case is remanded to the district court.

Chief Judge GRATTON and Judge LORELLO **CONCUR**.